IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ____ D.C.

05 AUG 24  AM 6: 59

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| vs. | * | Criminal No. 05-20012-D |
| MONTELL BRIDGEWATER, | * | |
| Defendant. | * | |

## PRELIMINARY ORDER OF FORFEITURE

In Indictment Number 05-20012-D, the United States sought forfeiture of specific property of defendant Montell Bridgewater, pursuant to 18 U.S.C. § 2252. On June 30, 2005, the defendant, Montell Bridgewater, entered a plea of guilty to Counts 1 and 2 of the Indictment.

Accordingly, it is **ORDERED**:

1. Based upon the defendant's guilty plea to Counts 1 and 2 of the Indictment Number 05-20012-D, the United States is authorized to seize the following property belonging to defendant Montell Bridgewater, and his interest in it is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. §853(n) and Rule 32(d)(2) of the Federal Rules of Criminal Procedure:

    a. Any visual depiction described in Section 2252 of Title 18 United States Code, and any book, magazine, periodical, firm, videotape, and other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of the above said statute;

This document entered on the docket sheet in compliance
with Rule 55 and/or 32(b) FRCrP on _8-25-05_



b. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the above said offenses; and

c. Any property, real or personal, used or intended to be used to commit or to promote the commission of the above said offenses, including but not limited to the following:

  1) One (1) Compaq Presario laptop computer, serial number, 2V94CFMLT184;

  2) One (1) Laptop computer bag (in box) with assorted notebooks & floppy diskettes;

  3) One (1) Box of assorted boxes & magazines;

  4) Four (4) boxes containing approximately 300 VHS sexually explicit tapes;

  5) One (1) Polaroid Camera;

  6) Two (2) boxes of assorted sexually explicit books, documents, & photographs;

  7) One (1) Astro 2100 U-Scanner.

All pursuant to Title 18, United States Code, Section 2253.

2. The forfeited property is to be held by the United States Marshal in his secure custody, or, as may be necessary, the Attorney General may appoint a substitute custodian.

3. Pursuant to 21 U.S.C. §853(n)(1), the United States Marshal shall publish at least once a week for three successive weeks in a newspaper of general circulation in Shelby County, Tennessee, notice of this order, notice of the United States' intent to dispose of the property in such manner as the Attorney General or his delegate may direct,

and notice that any person, other than the defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought. The United States Marshal or his delegate may use the attached Legal Notice.

The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

4.	Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.

5.	If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

6.	The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. §853(n)(2), which is incorporated by 18 U.S.C. §982(b) and 28 U.S.C. §2461(c), for the filing of third party petitions.

7.	The Court shall retain jurisdiction to enforce this Order, and to amend it as

necessary, pursuant to Fed. R. Crim. P. 32.2(e).

**IT IS SO ORDERED** this ___23rd___ day of ___August___, 2005.

BERNICE B. DONALD
United States District Judge

PRESENTED BY:

TERRELL L. HARRIS
United States Attorney

By:

CHRISTOPHER E. COTTEN
Assistant United States Attorney

4

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| vs. | * | Criminal No. 05-20012-D |
| MONTELL BRIDGEWATER, | * | |
| Defendant. | * | |

**LEGAL NOTICE**

Take notice that on __8/23/2005__, the United States District Court for the Western District of Tennessee, Western Division, entered a Preliminary Order of Forfeiture ordering that all right, title and interest of the defendant Montell Bridgewater in the following property be forfeited to the United States to be disposed of in accordance with law:

    a.    Any visual depiction described in Section 2252 of Title 18 United States Code, and any book, magazine, periodical, firm, videotape, and other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of the above said statute;

    b.    Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the above said offenses; and

    c.    Any property, real or personal, used or intended to be used to commit or to promote the commission of the above said offenses, including but not limited to the

following:

1) One (1) Compaq Presario laptop computer, serial number, 2V94CFMLT184;

2) One (1) Laptop computer bag (in box) with assorted notebooks & floppy diskettes;

3) One (1) Box of assorted boxes & magazines;

4) Four (4) boxes containing approximately 300 VHS sexually explicit tapes;

5) One (1) Polaroid Camera;

6) Two (2) boxes of assorted sexually explicit books, documents, & photographs;

7) One (1) Astro 2100 U-Scanner.

All pursuant to Title 18, United States Code, Section 2253.

The United States intends to dispose of this property in such matter as the Attorney General or his delegate may direct. Any person, other than the defendant, having or claiming a legal interest in the above-listed forfeited property must file a petition with the Court within thirty (30) days of the final publication of this notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and relief sought.

**UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE**



# Notice of Distribution

This notice confirms a copy of the document docketed as number 36 in case 2:05-CR-20012 was distributed by fax, mail, or direct printing on August 25, 2005 to the parties listed.

---

Dan Newsom
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

J. Patten Brown
FEDERAL PUBLIC DEFENDER
200 Jefferson Ave.
Ste. 200
Memphis, TN 38103

Christopher E. Cotten
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT